IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-02289-BNB

STANLEY DOUGLAS POWELL,

Applicant,

v.

BLAKE DAVIS, F.C.I. Englewood,

Respondent.



FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 1 4 2007

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Stanley Douglas Powell, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the Federal Correctional Institution in Littleton, Colorado. Mr. Powell filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (1994). On November 6, 2007, Magistrate Judge Boyd N. Boland ordered Mr. Powell to show cause why the application should not be denied because he has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 (2006) in this Court. On November 19, 2007, Mr. Powell filed his response to the order to show cause.

The Court must construe liberally the application and the response to the order to show cause because Mr. Powell is representing himself. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the application will be denied.

Mr. Powell is challenging the validity of his conviction and sentence. He was convicted in this Court in Criminal Action No. 96-cr-00321-WYD-1 on four counts of possession with intent to distribute crack cocaine and aiding and abetting. He was sentenced to concurrent terms of 188 months on each count. On December 3, 1997, the judgment of conviction was entered on the docket. On November 16, 1998, the United States Court of Appeals for the Tenth Circuit (Tenth Circuit) affirmed Mr. Powell's conviction and sentence on direct appeal. *See United States v. Powell*, No. 97-1439, 1998 WL 794973 (10th Cir. Nov. 16, 1998).

Mr. Powell alleges that he previously challenged the validity of his conviction and sentence in the sentencing court by filing a motion pursuant to 28 U.S.C. § 2255 on March 3, 1999. This Court denied the § 2255 motion with prejudice in an order filed on February 8, 2000. *See United States v. Powell*, No. 99-cv-00414-WYD (D. Colo. Feb. 8, 2000). On February 16, 2000, Mr. Powell appealed to the Tenth Circuit from the denial of his § 2255 motion. On October 16, 2000, the Tenth Circuit dismissed the appeal for substantially the reasons set forth in this Court's February 8 order. On October 30, 2000, the United States Supreme Court denied certiorari review.

On July 7, 2004, Mr. Powell filed a second 28 U.S.C. § 2255 motion with this Court. On August 17, 2004, the Court ordered the action transferred to the Tenth Circuit for an order authorizing this Court to consider a second or successive § 2255 motion. *See United States v. Powell*, 04-cv-01616 (D. Colo. Aug. 17, 2004). On September 14, 2006, the Tenth Circuit denied Mr. Powell authorization for this Court to consider a second or successive § 2255 motion. On October 30, 2007, Mr. Powell filed the instant application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

As Magistrate Judge Boland informed Mr. Powell in the November 6, 2007, show-cause order, the purposes of an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a motion pursuant to 28 U.S.C. § 2255 are distinct and well established. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). "A 28 U.S.C. § 2255 petition attacks the legality of detention . . . and must be filed in the district that imposed the sentence." *Id.* (citation omitted). "The purpose of section 2255 is to provide a method of determining the validity of a judgment by the court which imposed the sentence, rather than by the court in the district where the prisoner is confined." *Johnson v. Taylor*, 347 F.2d 365, 366 (10th Cir. 1965) (per curiam). A habeas corpus application pursuant to 28 U.S.C. § 2241 "is not an additional, alternative, or supplemental remedy, to the relief afforded by motion in the sentencing court under § 2255." *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) (per curiam). "The exclusive remedy for testing the validity of a judgment and sentence, unless it is inadequate or ineffective, is that provided for in 28 U.S.C. § 2255." *Johnson*, 347 F.2d at 366. Finally, the remedy available pursuant to § 2255 is inadequate or ineffective only in "extremely limited circumstances." *Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999).

As noted above, Mr. Powell is challenging the validity of his conviction and sentence in the instant habeas corpus action. He fails to demonstrate that the remedy available to him pursuant to 28 U.S.C. § 2255 is inadequate or ineffective. The fact that Mr. Powell has been denied relief in this Court, i.e., the sentencing court, does not

mean that the remedy provided in § 2255 is inadequate or ineffective. **See Williams**, 323 F.2d at 673. The fact that Mr. Powell has been and may be barred from filing a second or successive motion in the sentencing court pursuant to § 2255 also does not demonstrate that the remedy provided in § 2255 is inadequate or ineffective. **See Caravalho**, 177 F.3d at 1179. Therefore, the application will be denied and this action dismissed because Mr. Powell has an adequate and effective remedy pursuant to § 2255 in this Court. Accordingly, it is

ORDERED that the habeas corpus application is denied and this action is dismissed because Applicant, Stanley Douglas Powell, has an adequate and effective remedy pursuant to 28 U.S.C. § 2255 in the United States District Court for the District of Colorado.

DATED at Denver, Colorado, this _13_ day of _Dec._, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-02289-BNB

Stanley Douglas Powell
Reg. No. 18209-013
FCI - Englewood
9595 W. Quincy Ave.
Littleton, CO 80123

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 12/14/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk